IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

PHOENIX BROTHERS HOME IMPROVEMENT, INC.,

    Plaintiff,

    v.                                  Civil Action No. 2:23-cv-958

PHOENIX ROOFING LLC           JURY TRIAL DEMANDED

    Defendant,

## COMPLAINT

Plaintiff Phoenix Brothers Home Improvement, Inc. (hereinafter "Phoenix Brothers") for the Complaint against defendant Phoenix Roofing LLC (hereinafter "Phoenix Roofing"), alleges as follows:

### PARTIES

1.    Phoenix Brothers is a Wisconsin corporation with its principal place of business at N56W13500 Silver Spring Road, Menomonee Falls, WI 53051. Among other things, Phoenix Brothers is engaged in the business of providing residential home improvement services under the well-known PHOENIX trademarks, including exterior home improvement services, such as roofing, siding, and gutters.

2.    Upon information and belief, Phoenix Roofing is a Wisconsin limited liability company, having its principal place of business at 1760 Milwaukee Street, Delafield, WI 53018. Phoenix Roofing provides home improvement services such as roofing.

{01837168.DOCX / 3 }        1

## NATURE OF THE ACTION

3. This is an action for violations of Sections 32 and 43 of the Lanham Act, Title 15 United States Code, for common law trademark infringement and for unfair competition pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq.*, unfair competition under Wisconsin Common Law and Misappropriation of Style of Doing Business under Wisconsin Common Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. Upon information and belief Phoenix Roofing has its principal location and is conducting business in this judicial district.

## FACTUAL BACKGROUND

7. Plaintiff has used its distinctive PHOENIX trademarks (hereinafter "PHOENIX marks") since at least as early as 2013 to identify and distinguish the home improvement services that it provides to customers from the services provided by others.

8. Plaintiff uses the PHOENIX marks in advertising in the United States by, among other things, placing the marks on advertising materials, yard signs, business cards, service vehicles, and the like. As a result of these and other advertising and promotional activities using the PHOENIX marks, the PHOENIX marks have developed and now have secondary meaning. As a result of this extensive use by Plaintiff, the PHOENIX marks have come to signify to the consuming public a source of residential home improvement services originating only with Plaintiff.

9. Representative examples of the PHOENIX marks are shown below:






10. Beginning at least as early as 2013, Plaintiff provided, and continues to provide, services in Wisconsin using the PHOENIX marks. The advertising and promotion of Plaintiff's PHOENIX mark and the provision of services in Wisconsin, specifically southeastern Wisconsin and the Milwaukee metro area under the PHOENIX marks reaches consumers in the same trade areas as those now being served or offered to be served by Defendant.

11. Plaintiff's services have included a variety of residential home improvement services including but not limited to roofing, siding, and gutters.

{01837168.DOCX / 3 }  3

12. Plaintiff continues to use the PHOENIX marks in connection with its residential home improvement services.

13. The PHOENIX marks are inherently distinctive when used in connection with residential home improvement services.

14. The PHOENIX marks have also acquired distinctiveness by virtue of Plaintiff's continued use of the PHOENIX marks since at least as early as 2013.

15. On information and belief, at least as early as 2022, Defendant began offering home improvement services under the mark PHOENIX ROOFING.



16. Defendant's PHONEIX ROOFING mark is confusingly similar to Plaintiff's PHOENIX marks.

17. Plaintiff has requested that Defendant stop using the PHOENIX ROOFING mark in connection with its residential home improvement services, but Defendant has refused to do so.

18. Defendant's continued use of the PHOENIX ROOFING mark constitutes willful infringement.

19. Defendant's use of PHOENIX ROOFING mark in the manner described above is intended to, has and is likely to continue to cause confusion in the marketplace in that actual and

prospective customers have and are likely to believe that Defendant's services are associated with, connected to, approved or endorsed by Plaintiff.

20. Defendant's use of the PHOENIX ROOFING mark in the manner described above is an effort to induce Plaintiff's customers into purchasing Defendant's services and to arrogate Plaintiff's goodwill to Defendant.

21. By reason of Defendant's conduct, Plaintiff has and will continue to suffer damage to its business, reputation, and goodwill, as well as the loss of sales and profits it would have made but for the action of Defendant. Unless restrained and enjoined, Defendant will continue to do the acts complained of herein, all to Plaintiff's irreparable harm. Plaintiff's remedy at law is not adequate to compensate it for the injuries Plaintiff has incurred and will incur.

## Causes of Action

### Count I: Trademark Infringement and Unfair Competition under § 43(a) of the Lanham Act

22. Plaintiffs incorporates paragraphs 1 through 21 as if fully set forth herein and asserts that Defendant is liable to Plaintiff for unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23. Plaintiff has used the PHOENIX marks in the United States since at least as early as 2013 to identify its services in advertising and promotional activities and on and in connection with the services themselves. Plaintiff has expended significant sums of money and organizational resources to build recognition of its PHOENIX marks. The PHOENIX marks have come to represent to the consuming public the high-quality services provided by Plaintiff.

24. Defendant's use of the PHOENIX ROOFING mark is a false designation of origin as to services provided by Defendant and constitutes trademark infringement in violation of § 43(a) of the Lanham Act.

25. Defendant's infringement is likely to cause confusion, cause a mistake and to deceive the consuming public as to the affiliation, connection or association of Defendant with Plaintiff as to the origin, sponsorship or approval of Defendant's services by Plaintiff.

26. Plaintiff's reputation and goodwill have been and are likely to continue to be damaged by reason of the actual and likely deception and confusion associated with Defendant's infringing use of the confusingly similar PHOENIX ROOFING mark.

27. The aforementioned acts relating to the use of the confusingly similar PHOENIX ROOFING mark are willful and intentional and have caused and are likely to continue to cause Plaintiff to suffer pecuniary damage and irreparable injury.

28. Defendant's use of the PHOENIX ROOFING mark constitutes a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) for which Plaintiff has no adequate remedy at law and for which Plaintiff is entitled to a permanent injunction enjoining the Defendant from further violation of Plaintiff's rights.

**Count II: Common Law Trademark Infringement and Unfair Competition**

29. Plaintiff incorporates paragraphs 1 through 28 as if fully set forth herein and asserts that Defendant is liable to Plaintiff for common law trademark infringement.

30. Defendant has knowingly and willfully infringed Plaintiff's PHOENIX marks with an intent to deceive the consuming public by using, without permission or authority, in commerce, the confusingly similar PHOENIX ROOFING mark in connection with the sale,

offering for sale, and advertising of Defendant's services. Such use is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services.

31. Defendant has knowingly and willfully used the brand name PHOENIX ROOFING with an intent to deceive the consuming public in connection with the sale, offering for sale, and advertising of services that are the same or similar to those offered for sale and sold by Plaintiff under the PHOENIX marks. Such use is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services and/or the identity of the provider of such services.

32. Plaintiff's reputation and goodwill have been and are likely to continue to be damaged by reason of the deception and confusion associated with Defendant's activities including the use of the PHOENIX ROOFING mark.

33. The aforementioned acts are willful and intentional and have caused and are likely to continue to cause Plaintiff to suffer pecuniary damage and irreparable injury.

34. Defendant's activities are in violation of the common law of the State of Wisconsin.

35. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction enjoining the Defendant from further violation of Plaintiff's trademark rights.

## **Prayer for Relief**

WHEREFORE, Plaintiffs prays for judgment as follows:

1. That Defendant has unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125(a);

2. That Defendant has infringed Plaintiff's PHOENIX marks in violation of the common law of the State of Wisconsin; and

3. That the Court grant a permanent injunction enjoining and restraining Defendant, its officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with Defendant and each and all of them from directly or indirectly using the PHOENIX ROOFING mark or any other mark, word or name which is likely to cause confusion, mistake, deceive the public or cause the dilution of the distinctive quality of the PHOENIX marks as follows:

   a. Using "PHOENIX" or any other name or mark confusingly similar thereto alone or in combination with other words, names, styles, titles or marks in connection with the advertising, promotion, sale, or offering for sale of residential home improvement services;

   b. Holding itself out as the owner of, or otherwise authorized to use the mark "PHOENIX" or any other name or mark confusingly similar thereto, in connection with advertising, promotion, sale, or offering for sale of residential home improvement services;

   c. Performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause a mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendant are one and the same or in some way connected, or that Plaintiff is a sponsor of Defendant, or that Defendant is in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendant originate with Plaintiff or are connected, conducted or

offered with the approval, consent or authorization or under the supervision of Plaintiff or are likely in any way to lead the trade or the public to associate Defendant with Plaintiff;

d. Using words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff or a likelihood of confusion with Plaintiff's name and the PHOENIX marks; and

e. Using any trade practices whatsoever, including those complained of in this Complaint, which tend to unfairly compete with or injure Plaintiff's business and the goodwill associated with Plaintiff's business.

4. That pursuant 15 U.S.C. § 1118 the Court order that all labels, signs, prints, advertisements, brochures, letterhead, services, and all other items bearing the term "PHOENIX ROOFING" or any similar combination of words, terms, names or symbols that are the subject matter of this action, and all means of making the same, be delivered to Plaintiff immediately for destruction;

5. That Defendant be required to pay Plaintiff damages for the injuries sustained by Plaintiff as a consequence of the acts complained of in this Complaint, which injuries exceed $75,000;

6. That pursuant to 15 U.S.C. § 1117, Defendant be required to account and pay over to Plaintiff damages for any and all revenues derived by Defendant by providing services under the PHOENIX ROOFING mark and for all damages sustained by Plaintiff by reason of the acts of infringement and unfair competition;

7. That pursuant to 15. U.S.C. § 1117, Plaintiff be awarded multiple damages for Defendant's willful and wanton violation of Plaintiff's rights;

8. That pursuant to 15 U.S.C. § 1117, Defendant be required to pay to Plaintiff all of its litigation expenses including reasonable attorneys' fees and costs for this action; and

9. That Plaintiff have such other and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiff Phoenix Brothers demands that this matter be tried before a jury.

Dated: 7/18/2023                     _s/ Adam Brookman_____

Adam L. Brookman
Mitchell J. Stock
Marriam Lin
BOYLE FREDRICKSON, S.C.
840 North Plankinton Avenue
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
E-mail: alb@boylefred.com
E-mail: mjs@boylefred.com

*Attorneys for Plaintiff Phoenix Brothers Home Improvement, Inc.*